**Ronald V. WEILBACHER,**
**Plaintiff–Appellant,**

v.

**PROGRESSIVE NORTHWESTERN**
**INSURANCE COMPANY,**
**Defendant–Appellee.**

No. 08–35347.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2009.

Filed Aug. 21, 2009.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Kenneth W. Legacki, Kenneth W. Legacki, P.C., Anchorage, AK, for Plaintiff–Appellant.

Aisha Tinker Bray, Guess & Rudd P.C., Fairbanks, AK, Gary A. Zipkin, Esquire, Guess & Rudd, Anchorage, AK, for Defendant–Appellee.

Before: FARRIS, THOMPSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM * AND ORDER

Ronald V. Weilbacher alleges that the district court erred in holding he could not recover additional money for his loss of consortium and society claims under his insurance policy with the Defendant. The policy states that a maximum of $100,000 will be reimbursed "for all damages due to a bodily injury to one (1) person." "The bodily injury Limit of Liability ... for 'each person' includes the total of all claims made for such bodily injury and all claims derived from such bodily injury,

including ... loss of society ... [and] loss of consortium...."

Weilbacher's pain and damages derived from the bodily injury that caused his daughter's death; he did not experience a unique bodily injury. *See State Farm Mut. Auto. Ins. Co. v. Dowdy,* 192 P.3d 994, 998 (Alaska 2008). The insurance company paid his daughter's estate the full $100,000 for her bodily injury and death. Under the policy's "each person" limit, he can recover no more.

Weilbacher next alleges that the "each person" limit in the policy is so vague and ambiguous that it violates state public policy. We interpret insurance contracts by looking to "1) the language of the disputed policy provisions; 2) the language of other policy provisions; 3) relevant extrinsic evidence; and 4) case law interpreting similar provisions." *State Farm Fire & Cas. Co. v. Bongen,* 925 P.2d 1042, 1047 (Alaska 1996). A plain reading of the policy's "each person" limit reveals no ambiguity in its terms. The limit does not conflict with Alaska law nor with public policy.

The Appellant's motion for certification of question to Alaska Supreme Court is **DENIED.**

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.